# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BERNARD TIMOTHY LONG,**

      **Plaintiff,**

-vs-                                                 Case No. 6:09-cv-1320-Orl-19DAB

**MICHAEL E. MURRAY, GOLDEN FLORIDA MANAGEMENT, INC.,**

      **Defendants.**

_____

## ORDER

This case comes before the court on the following:

1. Motion to Dismiss or in the Alternative Motion to Strike Certain Immaterial, Impertinent, or Scandalous Allegations and Incorporated Memorandum of Law by Defendants Michael E. Murray and Golden Florida Management, Inc. (Doc. No. 11, filed Aug. 25, 2009); and

2. Response in Opposition to Motion to Dismiss by Plaintiff Bernard Timothy Long (Doc. No. 14, filed Sept. 3, 2009.)

### Background

Plaintiff Bernard Timothy Long brings this action against Defendants Michael E. Murray and Golden Florida Management, Inc. ("Defendants") alleging nonpayment of wages, breach of contract, breach of an implied contract, breach of the covenant of good faith and fair dealing, promissory estoppel, and intentional infliction of emotional distress. The Complaint states that the Defendants

hired Plaintiff as a Tax Accountant in March of 2006.[1] (Doc. No. 1 ¶¶ 54, 55, filed Aug. 3, 2009.) Plaintiff maintains that he was originally hired at a base salary of $52,000.00 per year, which was later increased to $65,000.00 per year with benefits. (*Id.* ¶ 55.) Plaintiff allegedly became concerned with the Defendants' financial state when the Defendants failed to pay the Plaintiff's wages on six occasions between October and December of 2007. (*Id.* ¶¶ 60, 61.) Plaintiff contends that he informed the Defendants of his concern and that the Defendants reassured him that various business dealings in the near future would soon provide cash flow to cover the unpaid wages. (*Id.* ¶¶ 63, 64.) After several months of nonpayment, the Defendants allegedly informed the Plaintiff that payroll would not be forthcoming. (*Id.* ¶¶ 68, 69.) At this point, the United States Department of Labor ("DOL") became involved in the matter, ultimately finding the Defendants to be in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (*Id.* ¶ 75.) Plaintiff maintains that the Defendants continue to withhold payment despite an instruction from the DOL stating that all outstanding wages must be remitted directly to the DOL. (*Id.* ¶¶ 75, 76, 95.)

**Standard of Review**

**I. Motion to Dismiss**

When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510

---

[1] These facts are recited for contextual purposes and are set forth in the light most favorable to the Plaintiff.

-2-

(11th Cir. 1993). In determining the merits of the motion, a court must "accept all factual allegations in the complaint as true." *Tellabs, Inc.*, 551 U.S. at 323. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Once a court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," the court must next determine whether the well-pled facts "'state a claim to relief that is plausible on its face.'" *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted). As the United States Supreme Court explained:

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 1949 (quotation marks and internal citations omitted) (quoting *Twombly*, 550 U.S. at 557). On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of the defendant's alleged conduct, if the "more likely explanations" involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible. *Id.* at 1950-51.

**II. Motion to Strike**

Under Federal Rule of Civil Procedure 12(f), a court may, on its own motion or by motion of a party, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a motion to strike is "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). A motion to strike is not intended to "procure the dismissal of all or part of a complaint." *Rockholt v. United Van Lines*, 697 F. Supp. 383, 386 (D. Idaho 1988) (*quoting* 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (1969)). A motion to strike should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995). Because this standard is rarely met, "[m]otions to strike are generally disfavored by the Court and are often considered time wasters." *Somerset Pharm., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla. 1996).

**Analysis**

**I. Motion to Dismiss**

    **a. Count I - Unpaid Wages**

In Count I, Plaintiff seeks compensation for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (Doc. No. 1 ¶ 120.) Defendants maintain that Plaintiff fails to state a claim for a FLSA violation because Count I does not offer any facts in support of the claim and does not include any information indicating the legal authority for the claim. (Doc. No. 11.)

In order to state a claim for a FLSA violation, a plaintiff must allege that an employer failed to pay minimum wages to an employee covered by the Fair Labor Standards Act. *See* 29 U.S.C. §§ 206, 216(b). There is no need to allege intent or causation to state a claim for a FLSA violation. *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008) (*citing Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 348 (4th Cir. 2005) (finding a FLSA complaint sufficient where it identified the employees who were alleged to have worked overtime, described the employer's repeated violations of the overtime provisions of FLSA, and alleged the time frame in which the violation occurred)). Where, as here, the Plaintiff is proceeding *pro se*, the Court will construe the pleadings more leniently than formal proceedings drafted by a lawyer. *Hawkins v. Potter*, 316 F. App'x 957, 959 (11th Cir. 2009) (*citing Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). However, the Court is not permitted to sit as "de facto counsel" and "rewrite an otherwise deficient pleading in order to sustain an action." *Gonzalez v. Asset Acceptance, LLC*, 308 F. App'x 429, 490 (11th Cir. 2009).

In the present case, Plaintiff fails to formally incorporate the factual allegations by reference and also fails to allege a violation of a specific section of FLSA in Count I. However, the Court is permitted to view such *pro se* proceedings leniently and will not dismiss a claim for such technical errors. The Complaint alleges that Plaintiff is a covered employee.[2] (Doc. No. 1-A.) The Complaint also alleges that since December of 2007, Defendants have repeatedly violated FLSA by failing to pay wages to a covered employee. (*Id.* ¶ 83.) Furthermore, in discussing jurisdiction, the Complaint

---

[2] When considering a motion to dismiss, the court may consider the complaint and all exhibits attached thereto. *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Furthermore, under Federal Rule of Civil Procedure 10(c), an exhibit is part of the pleading for all purposes. In Exhibit A, the Complaint states that the U.S. Department of Labor investigation "disclosed that [Michael Murray's] employees are subject to the requirements of the FLSA." (Doc. No. 1-A.)

states that the case is brought under the Fair Labor Standards Act, 29 U.S.C. § 216(b). (Doc. No. 1 ¶ 48.) Therefore, the Court finds that the Complaint alleges facts sufficient to meet the threshold pleading requirements for a FLSA claim. Accordingly, the Motion to Dismiss Count I will be denied.

### b. Count II - Breach of Contract

In Count II, Plaintiff seeks compensation for breach of contract. (Doc. No. 1 ¶¶ 121-34.) Defendants seek to dismiss Count II for failure to state a claim upon which relief may be granted. (Doc. No. 11.) Defendants argue that Plaintiff fails to allege either the existence of a contract or the breach of a contract. (*Id.*)

To adequately plead a breach of contract claim under Florida law, a plaintiff must allege three elements: "(1) a valid contract; (2) a material breach; and (3) damages." *Friedman v. New York Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008) (*citing J.J. Gumberg Co. v. Janis Servs., Inc.*, 847 So. 2d 1048, 1049 (Fla. 4th DCA 2003). In order to prove the existence of a contract, a plaintiff must plead: "(1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256 (11th Cir. 2009) (*citing St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004)). The issue of whether an alleged breach is material is a question of fact to be resolved by the fact finder. *Beefy Trail, Inc. v. Beefy King Int'l, Inc.*, 267 So. 2d 853, 857 (Fla. 4th DCA 1972).

Plaintiff makes sufficient factual allegations in Count II to withstand a motion to dismiss for failure to state a claim for breach of contract. Plaintiff expressly alleges the existence of a valid employment contract. (Doc. No. 1 ¶¶ 132, 133.) Plaintiff maintains that he was hired by the Defendants in 2006 to work as a Tax Accountant at a starting salary of $52,000 per year. (*Id.* ¶¶ 54, 55.) Plaintiff contends that the Defendants breached the contract by failing to make payroll. (*Id.* ¶¶

132, 134.) Plaintiff also states that he suffered an economic loss as a result of the Defendants' breach. (*Id.*) Accordingly, the Court finds that the Complaint states a claim for breach of contract upon which relief may be granted. The Motion to Dismiss Count II will therefore be denied.

### c. Count III - Breach of an Implied Employment Contract

In Count III, Plaintiff contends that the Defendants breached an implied employment contract by failing to compensate the Plaintiff. (Doc. No. 1 ¶ 137.) Defendants argue that Plaintiff fails to state a claim for breach of an implied employment contract because the Plaintiff does not allege either the existence of a contract or the breach of a contract. (Doc. No. 11.)

To state a claim for breach of an implied contract under Florida law, a plaintiff must allege that: "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it." *Alevizos v. John D. and Catherine T. MacArthur Found.*, 764 So. 2d 8, 13 (Fla. 4th DCA 1999) (*citing Commerce P'ship v. Equity Contracting Co.*, 695 So. 2d 383, 386 (Fla. 4th DCA 1997). An implied contract of employment exists where "services were performed under circumstances fairly raising a presumption that the parties understood and intended compensation to be paid." *Aldebot v. Story*, 534 So. 2d 1216, 1217 (Fla. 3d DCA 1988).

In the present case, Plaintiff makes sufficient factual allegations to withstand a motion to dismiss for failure to state a claim for breach of an implied employment contract. Plaintiff alleges that he was employed by the Defendants as a Tax Accountant beginning in March 2006, thereby conferring a benefit to the Defendants through the provision of his accounting services. (Doc. No. 1 ¶¶ 54, 55.) Plaintiff further maintains that the parties understood and intended compensation to be

paid, as evidenced by the Defendants' repeated promises to compensate the Plaintiff. (*Id*. ¶ 64.) Finally, the Complaint alleges that the Defendants' failure to compensate the Plaintiff resulted in injury to the Plaintiff. (*Id. ¶* 137.) Accordingly, Plaintiff states a claim for breach of an implied contract upon which relief may be granted. The Motion to Dismiss Count III will therefore be denied.

### d. Count IV - Breach of the Implied Covenant of Good Faith and Fair Dealing

In Count IV, Plaintiff contends that the Defendants breached the implied covenant of good faith and fair dealing by failing to compensate the Plaintiff. (Doc. No. 1 ¶¶ 138, 139.) Defendants argue that Count IV should be dismissed because the implied covenant of good faith and fair dealing applies only to written contracts, is not applicable to at-will employment contracts, and is duplicative of the breach of contract claim. (Doc. No. 11.)

Under Florida law, a covenant of good faith and fair dealing is implied in every contract. *Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1291 (11th Cir. 2001); *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1315 (11th Cir. 1999); *County of Brevard v. Miorelli Eng'g, Inc.*, 703 So. 2d 1049, 1050 (Fla. 1997); *Ins. Concepts & Design, Inc. v. Healthplan Servs.*, 785 So. 2d 1232, 1234 (Fla. 4th DCA 2001). Its purpose is to protect the "reasonable expectations of the contracting parties in light of their express agreement." *Barnes v. Burger King Corp.*, 932 F. Supp. 1420, 1438 (S.D. Fla. 1996). However, the implied covenant is not a limitless duty or obligation. *See Bernstein v. True*, 636 So. 2d 1364 (Fla. 4th DCA 1994). It is an interpreting, gap-filling tool of contract law. *Shibata v. Lim*, 133 F. Supp. 2d 1311, 1318 (M.D. Fla. 2000). The implied covenant "is not an abstract and independent term of a contract which may be asserted as a source of breach when all other terms have been performed pursuant to the contract requirements." *Hosp. Corp. of Am. v. Fla. Med. Ctr., Inc.*, 710 So. 2d 573, 575 (Fla. 4th DCA 1998).

A cause of action for breach of the implied covenant of good faith and fair dealing cannot be maintained: (1) in the absence of a breach of an express contract provision; (2) to vary the terms of an express contract; or (3) where the allegations underlying the claim for breach of the implied covenant are duplicative of those which support the claim for breach of contract. *Burger King Corp. v. C.R. Weaver*, 169 F.3d 1310, 1315 (11th Cir. 1999); *Shibata*, 133 F. Supp. 2d at 1318-19. "Because it is a gap-filling rule, the covenant applies only when the propriety of the conduct is not resolved by the terms of the contract." *Shibata*, 133 F. Supp. 2d at 1318. "That situation ordinarily arises when the contract is ambiguous about the permissibility of the conduct, or when the conduct is undertaken pursuant to a grant of discretion and the scope of that discretion has not been designated." *Id.* (*citing Indian Harbor, Inc. v. Poppell*, 658 So. 2d 605, 606 (Fla. 4th DCA 1995)). A claimant asserting a cause of action for breach of the implied covenant of good faith and fair dealing must allege:

> a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence; but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purpose and disappoints the reasonable expectations of the other party thereby depriving the party of the benefit of the agreement.

*Shibata*, 133 F. Supp. 2d at 1319 (*citing Cox*, 732 So. 2d at 1097).

Defendants first argue that Plaintiff's claim for breach of the implied covenant of good faith and fair dealing fails because the covenant applies only to written contracts and the Plaintiff does not allege the existence of a written contract. However, as discussed previously, "the implied covenant of good faith and fair dealing applies to *every* contract." *Healthplan*, 785 So. 2d at 1234 (emphasis added). The covenant is not exclusive of written contracts. Accordingly, Defendants' first argument must fail. Defendants next argue that the implied covenant of good faith and fair dealing does not

-9-

apply to at-will employment contracts.  However, the Defendants' argument is irrelevant because the Plaintiff does not allege the existence of an at-will employment contract.

Finally, Defendants argue that Count IV is subject to dismissal because it alleges the same conduct as the breach of contract claim in Count II.  In Count II, Plaintiff maintains that the Defendants breached the employment contract by failing to compensate the Plaintiff for his work. (Doc. No. 1 ¶ 133.)  In Count IV, Plaintiff contends that Defendants also breached the implied covenant of good faith and fair dealing by engaging in the same conduct.  (*Id.* ¶ 139.)

A breach of the implied covenant of good faith and fair dealing claim may be dismissed as redundant where the "conduct allegedly violating the implied covenant is duplicative of the companion cause of action alleging breach of contract." *Shibata*, 133 F. Supp. 2d at 1319 (*citing Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 167 (11th Cir. 1997)).  Thus, a plaintiff may maintain an action for breach of the implied covenant only if it is based on factual allegations different than those underlying the accompanying breach of contract claim.  *Id; see also Enola Contracting Servs. Inc. v. URS Group, Inc.*, No. 5:08cv2-RS-EMT, 2008 WL 1844612 (N.D. Fla. April 23, 2008) (dismissing a claim for breach of the implied covenant as redundant of the breach of contract claim where the factual allegations underlying the claims were identical).  Plaintiff's claim for breach of the implied covenant of good faith and fair dealing must therefore be dismissed because the conduct underlying the claim is identical to the conduct underlying the breach of contract claim in Count II.  Accordingly, Count IV will be dismissed without prejudice with leave to amend.

### e. Count V - Promissory Estoppel

In Count V, Plaintiff seeks to recover from the Defendants under a theory of promissory estoppel.  (Doc. No. 1 ¶ 145.)  Defendants argue that the Plaintiff fails to state a claim under a theory

of promissory estoppel because Count V does not allege a specific misrepresentation of material fact. (Doc. No. 11.)

To state a cause of action for promissory estoppel under Florida law, a plaintiff must allege facts that, if taken as true, would show: "(1) that the plaintiff detrimentally relied on a promise made by the defendant; (2) that the defendant reasonably should have expected the promise to induce reliance in the form of action or forbearance on the part of the plaintiff or a third person; and (3) that injustice can be avoided only through the enforcement of the promise against the defendant." *W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc.*, 728 So. 2d 297, 302 (Fla. 1st DCA 1999) (*citing W. R. Grace & Co. v. Geodata Servs., Inc.*, 547 So. 2d 919, 924 (Fla. 1989)). Relief under a theory of promissory estoppel is only available "where the [alleged] promise is definite, of a substantial nature, and is established by clear and convincing evidence." *W.R. Grace*, 547 So. 2d at 920; s*ee also Camina Serv. Inc. v. Shell Oil Co.*, 816 F. Supp. 1533, 1540 (S.D. Fla. 1992) (holding that the "application of promissory estoppel may be rejected if the terms of the promise are indefinite."). In addition, to properly state a claim for promissory estoppel under Florida law, a plaintiff must allege "reliance that causes a detrimental change of position." *Eclipse Medical, Inc. v. Am. Hydro-Surgical Instruments, Inc.*, 262 F. Supp. 2d 1334, 1351 (S.D. Fla. 1999) (*citing Pinnacle Port Cmty. Ass'n, Inc. v. Orenstein*, 872 F.2d 1536, 1543 (11th Cir. 1989).

In the present case, Plaintiff asserts that the Defendants are liable under a theory of promissory estoppel for their intentional failure to compensate the Plaintiff. (Doc. No. 1 ¶ 145.) However, Plaintiff fails to allege that his reliance on the Defendants' promise resulted in a detrimental change in the Plaintiff's position. *See Eclipse*, 262 F. Supp. 2d at 1351 (holding that detrimental reliance was not established where the plaintiffs' actions were identical to the plaintiffs' contractual

obligations and thus did not constitute a detrimental change in position). In fact, Plaintiff does not allege that his reliance on the Defendants' promise resulted in any change in the Plaintiff's position. Accordingly, Plaintiff fails to state a claim under a theory of promissory estoppel and Count V will be dismissed without prejudice, with leave to amend.

### f. Count VI - Intentional Infliction of Emotional Distress

In Count VI, Plaintiff asserts a claim for intentional infliction of emotion distress arising out of the credit loss, financial hardship, and decrease in health he suffered as a result of the Defendants' conduct. (Doc. No. 1 ¶¶ 149-53.) Defendants argue that Plaintiff fails to state a claim for intentional infliction of emotional distress because the Defendants' alleged conduct is not outrageous. (Doc. No. 11.)

To state a claim for intentional infliction of emotional distress under Florida law, a plaintiff must allege: "(1) extreme and outrageous conduct; (2) an intent to cause, or reckless disregard to the probability of causing emotional distress; (3) severe emotional distress suffered by the plaintiff; and (4) proof that the conduct caused the severe emotional distress." *Gonzalez-Jimenez de Ruiz v. United States*, 231 F. Supp. 2d 1187, 1199 (M.D. Fla. 2002) (*citing Hart v. United States*, 894 F.2d 1539, 1548 (11th Cir. 1990)); *Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278 (Fla. 1985). The Supreme Court of Florida adopted the description of outrageous conduct provided in Comment d to the Restatement (Second) of Torts (1965) which states:

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the

recitation of the facts to an average member of the community would arouse his
resentment against the actor and lead him to exclaim, "Outrageous!"

*McCarson*, 467 So. 2d at 278-79; *see also Clemente v. Horne*, 707 So. 2d 865, 866 (Fla. 3d DCA 1998).

Whether alleged conduct is "outrageous enough to support a claim of intentional infliction of emotional distress is a matter of law, not a question of fact." *Gandy v. Trans World Computer Tech. Group*, 787 So. 2d 116, 119 (Fla. 2d DCA 2001) (*citing Ponton v. Scarfone*, 468 So. 2d 1009, 1011 (Fla. 2d DCA 1985)). Only in "extremely rare circumstances will courts uphold claims for intentional infliction of emotional distress."[3] *Gonzalez-Jimenez*, 231 F. Supp. 2d at 1199.

Applying these principals to the present case, the Court finds that the Complaint fails to state a claim for intentional infliction of emotional distress because the factual allegations do not establish that the Defendants engaged in outrageous conduct. The Complaint alleges that the Defendants repeatedly failed to compensate the Plaintiff despite numerous promises that payment was forthcoming. While such conduct may be objectionable, it cannot be characterized as "atrocious" or "utterly intolerable in a civilized community," and therefore cannot be characterized as outrageous.[4] The Court therefore concludes that the alleged conduct is insufficient, as a matter of law, to state a

---

[3] In *Williams v. City of Minneola*, 575 So. 2d 683 (Fla. 5th DCA 1991), the court upheld an intentional infliction of emotional distress claim where police officers displayed grotesque pictures of a family member's dead body. In *Dependable Life Ins. Co. v. Harris*, 510 So. 2d 985 (Fla. 5th DCA 1987), the court found vicious threats from an insurance company to policy holders known to be ill and near bankruptcy sufficient to support a claim of intentional infliction of emotional distress.

[4] In *Gandy*, the court affirmed that the alleged conduct was not sufficiently outrageous where the plaintiff claimed that the defendant induced the plaintiff to terminate his lucrative business as a freelance computer consultant with a promise of permanent employment as a manager, yet the defendant had no intention of keeping plaintiff as a long term employee and instead intended to force him to quit. *Gandy*, 787 So. 2d at 118, 119.

claim for intentional infliction of emotional distress. Accordingly, Count VI will be dismissed without prejudice with leave to amend.

## II. Motion to Strike

Defendants request that the Court strike several paragraphs of the Complaint referencing the Defendants' tax related issues and piercing the corporate veil. (Doc. No. 11.) Defendants maintain that these allegations are entirely unrelated to the present action and would prejudice the Defendants by confusing the jury. (*Id*.) Defendants also argue that the introductory paragraph should be stricken for naming Defendants not named in the caption of the complaint, and that the demand for punitive damages under FLSA should likewise be stricken because punitive damages are not available for a FLSA violation. (*Id.*)

In order for the Court to strike a portion of a pleading as immaterial or impertinent, it must have no bearing on the controversy before the Court. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) *rev'd on other grounds*, 510 U.S. 517, 534-35 (1994). Yet, in the present case, many of the paragraphs the Defendants ask the Court to strike are in fact relevant to the issue of piercing the corporate veil, the Defendants' ability to compensate the Plaintiff at the time payroll was withheld, and the Defendants' motive for allegedly withholding payment. Because these paragraphs are relevant to the present controversy, the Court will not strike them from the pleadings.

The Defendants also seek to strike certain paragraphs of the Complaint by challenging their legal sufficiency. However, Defendants fail to offer any legal authority in support of their contention and instead offer only a conclusory statement at the end of the Motion contending that "FLSA does not include a provision for punitive damages . . . ." (Doc. No. 11.) Furthermore, arguments regarding legal sufficiency are best determined in the context of a Motion to Dismiss, and the Court declines

to make such determinations in the present Motion to Strike. *Harvey v. Lake Buena Vista Resort, LLC*, 568 F. Supp. 2d 1354 (M.D. Fla. 2008). As such, the paragraphs relating to punitive damages will not be stricken. On the other hand, paragraph 46 references the possibility of a future IRS case against the Defendants. This paragraph has no bearing on the controversy presently before the Court and will consequently be stricken from the complaint. In addition, the introductory paragraph on pages 1.1 and 2 will be stricken from the complaint to the extent that it misstates the parties to the present litigation. The Defendants' motion to strike will be denied in all other respects.

**Conclusion**

Based on the foregoing, the Motion to Dismiss or in the Alternative Motion to Strike Certain Immaterial, Impertinent, or Scandalous Allegations and Incorporated Memorandum of Law by Defendants Michael E. Murray and Golden Florida Management, Inc. (Doc. No. 11, filed August 25, 2009) is **GRANTED in part and DENIED in part.** Counts IV, V and VI are **DISMISSED without prejudice.** Paragraph 46 is **STRICKEN** from the complaint. The introductory paragraph on pages 1.1 and 2 is **STRICKEN** from the complaint to the extent that it misstates the parties to the present litigation. The Motion is **DENIED** in all other respects. Plaintiff has leave to file an Amended Complaint that comports with this Order within eleven (11) days from the date of this Order. If the Plaintiff fails to timely submit an Amended Complaint, this action will proceed solely on the well-pled claims under the Complaint (Counts I, II, and III).

**DONE** and **ORDERED** in Orlando, Florida on November 20, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Parties