# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BERNARD TIMOTHY LONG,**

      **Plaintiff,**

**-vs-**                                               **Case No. 6:09-cv-1320-Orl-19DAB**

**MICHAEL E. MURRAY, GOLDEN FLORIDA MANAGEMENT, INC.,**

      **Defendants.**

_____

## ORDER

This case comes before the Court on the Plaintiff's Motion for Preliminary Injunction (Doc. No. 13, filed Aug. 28, 2009), the Defendants' Memorandum of Law Opposing Plaintiff's Motion for Preliminary Injunctive Relief (Doc. No. 15, filed Sept. 8, 2009), and the Notice of Filing of Affidavits in Support of the Previously Filed Memorandum of Law Opposing Plaintiff's Motion for Preliminary Injunctive Relief (Doc. No. 42, filed Nov. 5, 2009.) The Court heard oral argument on the Motion on November 23, 2009 at a hearing attended by the Plaintiff, the Defendant, Michael E. Murray, and counsel for the Defendants, Robert E. Blanchfield.

### Background

Plaintiff Bernard Timothy Long brings this action against Defendants Michael E. Murray and Golden Florida Management, Inc. ("Defendants") alleging nonpayment of wages, breach of contract, breach of an implied contract, breach of the covenant of good faith and fair dealing, promissory estoppel, and intentional infliction of emotional distress. The Complaint states that the Defendants hired the Plaintiff as a Tax Accountant in March of 2006. (Doc. No. 1 ¶¶ 54, 55, filed Aug. 3, 2009.)

Plaintiff maintains that the Defendants subsequently failed to pay the Plaintiff's wages on numerous occasions. (*Id.* ¶¶ 60, 61.) After several months of nonpayment, the United States Department of Labor ("DOL") became involved in the matter, ultimately finding the Defendants to be in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. (*Id.* ¶¶ 68, 69, 75.) Plaintiff maintains that the Defendants continue to withhold payment despite an instruction from the DOL stating that all outstanding wages must be remitted directly to the DOL. (*Id.* ¶¶ 75, 76, 95.)

On August 28, 2008, Plaintiff filed the present Motion for Preliminary Injunction alleging that the Defendants retaliated against him in violation of 29 U.S.C. § 216(b). (Doc. No. 13. ¶¶ 76-80.) Plaintiff maintains that the Defendants terminated his employment immediately after discovering that he had filed the present action. (*Id*. ¶¶ 76-80, 90, 91.) Plaintiff seeks a preliminary injunction reinstating him to his former position and granting the Court control over the funds received in the operation of the Defendants' business and the sale of the Defendants' assets. (*Id.* ¶ 17.)

**Analysis**

**I. Reinstatement**

The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), was amended in 1977 to allow employees to bring suit seeking equitable relief for violations of the antiretaliation provision. *Bailey v. Gulf Coast Transp., Inc.*, 280 F.3d 1333, 1336 (11th Cir. 2002) (citing Pub. L. No. 95-151, 91 Stat. 1245, 1252). The amendment provides greater protection to employees who suffer retaliation by affording them a private right of action to obtain equitable relief, "including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "An injunction reinstating employees to their former position . . . fits squarely within the relief available under Section 216(b)." *Bailey*, 280 F.3d at 1337.

Such relief is also available in the form of a preliminary injunction where a plaintiff succeeds in establishing the four requisites of a preliminary injunction. *Id.*

In order to obtain preliminary injunctive relief under the antiretaliation provision of FLSA, the Plaintiff must prove:

(1) a substantial likelihood that he will prevail on the merits;

(2) a substantial threat that he will suffer irreparable injury if the injunction is not granted;

(3) that the threatened injury to him outweighs the threatened harm the injunction may do to the defendants; and

(4) granting the injunction will not disserve the public interest.

*Meas Air Group, Inc. v. Delta Airlines, Inc.*, 573 F.3d 1124, 1128 (11th Cir. 2009) (citing *BellSouth Telecomms., Inc. v. MCImetro Access Transmission Servs., LLC,* 425 F.3d 964, 968 (11th Cir. 2005); *Guaranty Fin. Servs., Inc. v. Ryan*, 928 F.2d 994, 997, 998 (11th Cir. 1991). "A preliminary injunction is an 'extraordinary and drastic remedy not to be granted unless the movant clearly carries the burden of persuasion as to the four requisites.'" *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (quoting *United States v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir. 1983)). The movant ultimately bears the burden of persuasion. *All Care Nursing*, 887 F.2d at 1537. However, in the present case, no party specifically addressed the four requisites of a preliminary injunction in the papers submitted.

**A. Substantial Likelihood of Success on the Merits**

To establish a substantial likelihood of success on the merits of a retaliation claim, a plaintiff must show that "he engaged in statutorily protected expression, he suffered an adverse employment

-3-

action, and there was some causal relationship between the two events." *Burgos v. Napolitano*, 330 F. App'x 187, 189 (11th Cir. 2009). A plaintiff engages in statutorily protected expression by filing a Title VII complaint. *Ivey v. Paulson*, 222 F. App'x 815, 818 (11th Cir. 2007); 42 U.S.C. § 2000e-3(a). A causal connection can be established by demonstrating "that the decision-makers were aware of the protected conduct and that the protected activity and the adverse action were not wholly unrelated." *Wallace v. Ga. Dept. of Transp.*, 212 F. App'x 799, 802 (11th Cir. 2006).

Plaintiff has not succeeded in clearly establishing a substantial likelihood of success on the merits. The record demonstrates that on August 3, 2009, the Defendants discovered a copy of a portion of the Complaint. (Doc. No. 13 ¶ 76.) Following this discovery, the Defendants instructed the Plaintiff to go home for the day. (*Id.* ¶ 77.) However, the parties dispute the subsequent events. The Plaintiff maintains that he returned to work the next day and was informed that he no longer had a position with the Defendants. (*Id.* ¶ 80.) The Defendants contend that after being instructed to leave the premises, Plaintiff called Murray to apologize, and Murray instructed him to return to work the next day to discuss the issue. (Doc. No. 43-2 ¶ 6, filed Nov. 5, 2009.) The Defendants also aver that despite Murray's instruction, the Plaintiff never returned to work. *Id.* The record therefore contains conflicting evidence regarding whether the Plaintiff's was discharged. As a result, the Court finds that the Plaintiff has failed to clearly establish a substantial likelihood of success on the merits.

**B. Irreparable Harm**

Having failed to clearly establish a substantial likelihood of success on the merits, the Court need not reach the other preliminary injunction requirements. However, for the sake of argument, assuming the Plaintiff had clearly established a substantial likelihood of success on the merits, which he has not, Plaintiff would also be required to establish that he will suffer irreparable harm if the

injunction is not granted. *Meas Air Group*, 573 F.3d at 1128. If an injury can be "'undone through monetary remedies,' it is not irreparable." *SME Racks, Inc. v. Sistemas Mecanicos Para, Electronica*, 243 F. App'x 502, 502 (11th Cir. 2007) (quoting *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990). "Mere injuries, however substantial, in terms of money, time and energy . . . are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974); *see also BellSouth*, 425 F.3d at 970 (stating that economic loss alone does not justify a preliminary injunction). However, courts are to "presume irreparable harm in Title VII cases." *Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 169 (11th Cir. 1988) (citing *U.S. v. Jefferson County*, 720 F.2d 1511, 1520 (11th Cir. 1983)).

While reinstatement is an appropriate form of equitable relief for a FLSA violation, reinstatement is not an appropriate remedy when, absent the retaliatory discharge, the plaintiff nonetheless would have been terminated. In such circumstances, the plaintiff will not suffer irreparable harm if the preliminary injunction is denied. *See Wallace v. Dunn Constr. Co., Inc.*, 62 F.3d 374, 380 (11th Cir. 1995) (denying reinstatement where the employer would have fired the employee upon learning that she lied on her resume); *Holley v. Northrop Worldwide Aircraft Servs., Inc.*, 835 F.2d 1375, 1377 (11th Cir. 1988) (denying reinstatement where the position was later eliminated as a result of the termination of a supply contract with a third party); *Hayes v. McIntosh*, 604 F. Supp. 10, 20 (N.D. Ind. 1984) (denying reinstatement in a small business where the parties worked in close proximity and it was clear that any sort of viable working relationship was impossible).

In the present case, Plaintiff seeks a preliminary injunction reinstating him to his former position at Golden Florida Management, Inc. ("GFM"). However, the record reflects that GFM is in the business of purchasing and developing land for major builders, and approximately two years ago, builders stopped purchasing lots as specified by their agreements with GFM. (Doc. No. 42-3 ¶¶ 2,3.) (*Id.* ¶ 3.) As a result, GFM is no longer generating any income, and the president of the corporation, Michael Murray, has not received a salary for over a year. (*Id.* ¶ 4.) Therefore, it appears likely that GFM would be unable to maintain the Plaintiff as an employee, and thus the Plaintiff would have been removed from his position even in the absence of a retaliatory discharge. Accordingly, if reinstatement would be a futile act, the Plaintiff would not have demonstrated a substantial likelihood of irreparable harm.[1]

### C. Balance of the Interests and the Public Interest.

In order to obtain preliminary injunctive relief, a plaintiff must establish that the threatened injury to the plaintiff outweighs whatever damage the proposed injunction may cause the defendant and that if issued, the injunction would not be adverse to the public interest. *Siegel v. LePore*, 234

---

[1] While it is not necessary to reach the issue in the present case, alleging a mere possibility that a defendant might not be able to ultimately satisfy a judgment because at the time such judgment is entered he may not have assets, is not sufficient to demonstrate irreparable injury for preliminary injunction purposes. *Micro Signal Research, Inc. v. Otus*, 417 F.3d 28 (1st Cir. 2005). However, "the story is quite different where there is a strong indication that the defendant may dissipate or conceal assets." *Mirco*, 417 F.3d at 31 (upholding a preliminary injunction requiring the defendants to pay all funds earned from their new business entity into a trust where the defendants engaged in fraud and reorganized their businesses to frustrate the payment of any future monetary judgment); *see also Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 881 (9th Cir. 2003) (upholding a preliminary injunction to freeze defendant's assets only where defendant was a substantial participant in an elaborate insurance fraud scheme). There is no evidence in the record to establish that the Defendants have participated or will participate in such fraudulent conduct. Instead, the record merely reflects that the Defendants' business no longer generates income. (Doc. No. 43-2.)

F.3d 1163, 1176 (11th Cir. 2000) (en banc). Plaintiff failed to address these factors. However, because the Plaintiff failed to establish a substantial likelihood of success on the merits, the Court need not consider these factors.

**II. Court Control of Assets**

Plaintiff next seeks a preliminary injunction granting the Court control over any funds received from the operation of the Defendants' businesses in order to ensure that funds will be available to satisfy an award of damages. (Doc. No. 13 ¶¶ 6, 8, 17.) Plaintiff cites no law is support of this requested relief.

Equitable relief is only available where there is no adequate remedy at law. *Rosen v. Cascade Int'l, Inc.*, 21 F.3d 1520, 1527 (11th Cir. 1994). Cases in which the "remedy sought is the recovery of money damages do not fall within the jurisdiction of equity." *Id.* Based on these principles, the Eleventh Circuit has held that a district court may not issue a preliminary injunction for the sole purpose of restricting a defendant's assets to satisfy a potential award of monetary damages. *Rosen*, 21 F.3d at 1527; *Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1521 (11th Cir. 1994).

In *Rosen*, the district court issued a preliminary injunction barring the defendant from transferring or liquidating certain assets in order to protect the plaintiff's ability to collect on a money judgment, if one was later entered in the plaintiff's favor. *Rosen*, 21 F.3d at 1525, 1526. The Eleventh Circuit held that the preliminary injunction was not an appropriate exercise of the district court's authority because the relief sought by the plaintiff was legal in nature. *Id.* at 1527-30. Instead, the court found Federal Rule of Civil Procedure 64 to be the appropriate avenue for granting such relief. *Id.* at 1531. Rule 64 states that the proper pretrial remedy to ensure that a fund will be

available to satisfy a money judgment is a writ of attachment, available in accordance with the provisions of the forum state law. *Id.* at 1531; Fed. R. Civ. P. 64. Having failed to meet the requirements of Rule 64, the court refused to permit an injunction to substitute for the statutory procedures of attachment.[2] *Id.*; *see also Dixie Carriers, Inc v. Channel Fueling Serv. Inc.*, 843 F.2d 821 (5th Cir. 1988) (holding that a district court lacks the inherent authority to preliminarily enjoin a defendant from transferring assets, where those assets are unrelated to the underlying litigation).

In the present case, the Plaintiff seeks monetary damages for nonpayment of wages, breach of contract, breach of an implied contract, breach of the covenant of good faith and fair dealing, promissory estoppel, and intentional infliction of emotional distress. (Doc. No. 1.) Such monetary damages are legal in nature. Furthermore, while the Complaint and Motion for Preliminary Injunction state that the Plaintiff also seeks equitable relief, a close examination of such pleadings reveals that the requested "equitable" relief is directed towards preserving the Defendants' assets in order to satisfy a future award of monetary damages to the Plaintiff. Therefore such relief is legal in nature.[3] (Doc. Nos. 1, 14.) *See also Noventa Ocho LLC v. PBD Props. LLC*, 284 F. App'x 726 (11th

---

[2] In the present case the Plaintiff also fails to establish the necessary elements of attachment under Florida law, and the Court may not simply substitute injunctive relief for prejudgment attachment and its attendant safeguards where the statutory requirements for attachment have not been met. *Rosen*, 21 F.3d at 1531.

[3] For example, the Plaintiff asks the court to enjoin the Defendants from spending money on personal items and entertainment. (Doc. No. 1 ¶ 120.) The Plaintiff also asks the court to enjoin the Defendants from selling assets and to enter all "preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of future injury during the pendency of this action and to preserve the possibility of effective final relief." *Id.* Since the Plaintiff is no longer employed by the Defendants and reinstatement is inappropriate at this juncture, these requests are legal in nature. Furthermore, the Motion for Preliminary Injunction specifically requests control of the Defendants' assets so that the Plaintiff can monitor the Defendants, actions and insure satisfaction of a future monetary judgment. (Doc. No. 13 ¶¶ 7, 8.)

Cir. 2008) (refusing to convert a legal cause of action into a legitimate claim for equitable relief based on boiler plate language for "just and appropriate" and "fair and equitable" relief); *Rosen*, 21 F.3d at 1526-30 (finding a preliminary injunction that freezes the defendants' assets so that funds will be available with which to satisfy a money judgment to be legal in nature and therefore equivalent to a writ of attachment which may only be granted in accordance with the procedures of Florida attachment law). The Plaintiff's request for equitable relief therefore amounts to nothing more than a request for a preliminary injunction restricting the Defendants' assets in order to establish a fund with which to satisfy a potential judgment for money damages. *E.g.*, *Rosen*, 21 F.3d at 1530. Under *Rosen*, granting such a preliminary injunction would be an "inappropriate exercise of a federal district court's authority." *Id.* Accordingly, the Court declines to take control of the Defendants' assets in the manner desired by the Plaintiff.

## Conclusion

Based on the foregoing, the Plaintiff's Motion for Preliminary Injunction (Doc. No. 13, filed Aug. 28, 2009) is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on December 4, 2009.

*[signature]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Parties